The Chancellor.
This is a suit for the foreclosure of a mortgage, given March 16th, 1819,.to secure the payment of a bond of that date, in one year, with interest. The bill was filed October 1st, 1841, twenty-one and a half years after the bond became due, by the surviving executor of the mortgagee. The mortgagee died in 1825, leaving a will. The mortgagor died in 1836, intestate, and no administration was taken of his estate. The executrix, Mary Cavalier, widow of -the mortgagee, died in November, 1840.
The bill states, that the mortgagor remained in possession of the premises until his death; and this is admitted by the answer. It states, that from the time of the mortgagor’s death, the executors of the mortgagee, or one of them, have been in possession of :the premises. This is denied by the answer.
Two grounds of defence are taken. First, the lapse of time, and the presumption of payment arising therefrom. Second, actual payment.
Samuel Leeds, called for the defendants, testifies to the payment, and the mode in which it was made; and that, -after Cavalier’s death, Huffman, the mortgagor, called on Mrs. Cavalier, the -executrix, and demanded the writings ;• and that she told him -she did not know where they were, but promised, when she found them, to destroy them. Leeds’s testimony has been attacked by the production of several witnesses, who testify that Leeds told them the mortgage had never been paid.
On the testimony in reference to actual payment, as it stands, subject to the evidence given in impeachment of Leeds’s testimony, the cause cannot be decided very satisfactorily. It may be said, however, that the depositions on this part of the case *359 furnish proof of the wisdom of the statute 'of limitations. And on this parí of the caso, and in connection with what Leeds swears Mrs. Cavalier told Huffman, after Cavalier’s death, viz. that she would destroy the papers when she found them, and with the fact, that the widow and executrix lived more titan twenty years after the bond became due, and that no suit was brought till after her death; it, may bo very properly asked, "W hy should the executors delay so long 1 Was Mrs. Cavalier unwilling to bring suit; and if so, why ? If not, why did not the executors close the estate long before ? Cavalier died in 1825, sixteen years before the-suit was brought. Have they settled their accounts? Are they charged with this bond and mortgage ? We have no information.
And in this connexion it may be furl,iter remarked, that Cavalier’s will says nothing of the bond and mortgage, or of the land covered by the mortgage. From the frame of the will, this, I think, is worthy of observation. He directs so much of bis moveable property as will pay bis debts to be sold ; and the use of the surplus thereof, ho gives to his wife, for her life. Ho then makes seven devises of land, by description; gives three small pecuniary legacies; and then provides, that if there should be any cash left,, he giyes it to, &c.; and there is no other residuary clause.
It would be painful to decree a foreclosure after such a lapse of time, if from the testimony and the circumstances of the case there be a probability of actual payment. It would be less painful to me, and more salutary, if the executors should suffer loss for their default. But whatever might be the conclusion of the court, if this were the only ground of defence, it is clear that if Leeds’s testimony can be relied on to prove any payment, it proves payment in full. If it ought to be considered as not entitled to credit on the question of payment, it must be rejected altogether as to that. This, (without referring, at present, to some matters to be hereafter considered.) would leave us simply the case of a bill to foreclose a mortgage after twenty-one and a half years, on which no interest has been paid.
1 am of opinion that, under such circumstances, the mortgage should be presumed paid. I think the spirit of our statute of limitations requires us to make the presumption. I concus *360 in the views of thé chancellor on this subject, expressed in Wanmaker v. Van Buskirk, Saxton, 693.
It is'true the chancellor there says', he was not called on to establish the principle in that case; but it is evident from his reasoning, that if he could not otherwise have decided the case for the mortgagor, bo would-have given effect to the presumption'. Indeed he says, standing alone if would be tantamount to actual proof of payment.
The English cases arid the cases in New-York are reviewed in 5 John. Ch. R. 545; and the court there come to the conclusion that a mortgage is not a subsisting title, if the mortgagee never entered, and there has been no foreclosure, nor payment of interest within twenty years; that these facts authorize and require the presumption of payment; and that such presumption is founded in substantial justice and the clearest policy.
The force of the remark of Sir William Grant, in 12 Vesey, 252, is shown • in this case:—“ The presumption does not rest on the belief that the payment has actually been made ; but is raised because the means of creating belief or disbelief, after such a lapse of time, are so little to be relied on.”
In this state, we have a statute providing; that every action on any bond, &c. conditioned for the1 payment of money only, shall be sued within sixteen years after the cause of action accrues, and not after, unless a payment has been made within or after that period, and then within sixteen years after such payment, and not after. Whether or not it be an anomaly, as suggested by the counsel for the defendants, to hold, as seems to have been held, that twenty years shall be allowed for the foreclosure of a mortgage given to secure such bond, that is, four years after the bond thus secured ceases to be a cause of action, I do not now inquire; but the statute very fully apprises the courts, that no scruples need be felt in raising the presumption of payment after twenty years.
But it was argued, that this presumption may be overcome;‘ and that the insolvency of the mortgagor is sufficient to overcome it; and the case of Wanmaker v. Van Buskirk was referred to for this position. The chancellor, in that case, said, that the presumption might be overcome, and that there were *361 circumstances in that case of sufficient weight to destroy it. The mortgagor had married the daughter of the mortgagee, and had issue, and had died, many years before, leaving his wife and children in possession ; and they were not in a situation to pay either principal or interest; and to have exacted payment must have brought distress upon them. These were the circumstances which, the chancellor said, were sufficient, in his mind, to repel the presumption. He said that insolvency had been held sufficient; but he does not so decide; nor was there any room for such a decision in that case.
I do not see that insolvency of a mortgagor is any good reason why a mortgage should not be foreclosed; or any good reason why the mortgagee should permit the mortgagor to occupy the premises twenty years without paying any interest. But if I could think it was, the fact is not sufficiently shown in this case. When was he insolvent ? A warrant of attorney to enter judgment was annexed to the bond; and the money became due in 1820. Was not the property sufficient for the'money? We hear of no other debt till three years thereafter, and that for only $300. How much was the property worth ?
But it is contended, that the mortgagee took posseasion of the premises within the limited time. If this bé so, and can be made to appear in the cause, the presumption does not arise. Leeds was in possession before and at the time of the mortgagor’s' death; and the complainant claims that he went into pos - session1 under the mortgagee. Can this be shown, under the pleadings in the cause ? The bill charges, that the mortgagor remained in possession till his death, in 183G; and the answer admits it. This, then, is a fact not in issue between the parties. Parties are confined to the case made by the pleadings, and cannot examine witnesses or read evidence to facts not put in issue. It would be dangerous to allow a complainant, after answer filed, to change his ground in his proofs. But if the evidence were admissible, it does not prove the fact. Leeds swears he went into possession under the mortgagor, and has remained in possession ever since. The evidence offered, that Leeds, at times, said he was in under Cavalier, if it. is to be relied on to prove that he really said so, can have no other effect than to *362 weaken our belief of the fact he swears to. It is not substantive evidence; it is no evidence of a fact; no evidence that he went in under Cavalier; and he swears he did not. But the evidence is inadmissible-; a-fact confessed by the pleadings cannot be disproved.
The bill charges, that after the- mortgagor’s death, in 1836, the executors; or one of them, took possession. This is denied by the answer,- and there is- no proof of it.' Leeds- was in long before, and-has continued in possession; and there- is-no evidence of his holding differently after the mortgagor’s death; or of his agreeing- to hold after that under the executors or devisees of the mortgagee.
We have a statute, passed February 21st, 1820, which provides, that if any- person against whom there shall be (among other causes of action) a-cause of action on a bond for the payment of money only, shall not reside in the state when such cause of action shall accrue, or shall remove from the state after it accrues, before the time of- limitation (by the statute) shall expire, then,- the- time during which such person shall not reside in the state shall not be computed as part of the period limited for bringing the action; and this act, it has been adjudged by our supreme court, 2 Harr. 82, applies to obligations made before its passage.
The idea of removing the objection growing-out of the lapse of twenty years by proof of the mortgagor’s absence, does not seem to have occurred in-preparing the cause for hearing. If it had, the proof of his removal from the state, and the time of his absence, between 1820 and 1836 (time after his death could not be-counted), would have been more definite, if absence on such removal, and- for a sufficient length of time, could have been shown. But if the proofs were sufficiently definite to .raise the point distinctly, the act is not, in-terms,- applicable to a mortgage-; nor is a mortgage, as it seems to me, within- the spirit of the act.- If our court of chancery had adopted' the principle, that a lapse- of sixteen years should bar the foreclosure of a mortgage given to- secure a bond, in analogy to the statute limitation of actions on bonds, it might; with some force, be argued, that the period of absence or removal from the state should be deducted, in analogy to the act of 1820. *363 But the argument would not bo conclusive, for the land cannot remove.
Again: No opinion has been intimated in this court, that any period short of twenty years would bar a mortgage. The court has not acted on mortgages in reference to the statute limitation of actions on bonds.
On the whole, I am of opinion that the bill must be dismissed.
Decree accordingly.